IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLI REESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-05-1360-C |
| ) | |
| CITY OF YUKON, a municipality, and ) | |
| MITCH HOSKINS, POLICE CAPTAIN, ) | |
| individually and in his official capacity, ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion for Partial Summary Judgment. Defendants filed a response and the matter is now at issue.

## BACKGROUND

Plaintiff filed the present motion seeking summary judgment on certain affirmative defenses raised by Defendants in their Answer. Plaintiff argues that she served discovery on Defendants seeking the factual support for the defenses and that Defendants failed to provide the requested evidence. Accordingly, Plaintiff argues she is entitled to summary judgment on each of the affirmative defenses.

In response, Defendants argue they provided adequate evidence to preserve their defenses for trial. According to Defendants, when responding to Plaintiffs' discovery requests, they answered interrogatories and produced a document log accompanied by the underlying documents. Defendants assert that information constitutes the evidence in their

possession which supports their defenses. Defendants argue that Plaintiff never filed a motion to compel seeking clarification or expansion of the discovery responses.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed

in the light most favorable to the nonmoving party.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

## **DISCUSSION**

As the party seeking a judgment, Plaintiff has the burden of establishing the absence of disputed material facts.  Thus, it was incumbent upon Plaintiff to establish that Defendants would be unable to prove their affirmative defenses by using the provided documents.  Seeking to satisfy this burden, Plaintiff offers her counsel's affidavit attesting to his conclusion that the documents fail to support any of the claimed defenses.

The Court finds counsel's conclusions unsupported by the materials appended to the parties' briefs.  The document index log provided by Defendants sets out a number of documents which may be pertinent to the defenses claimed by Defendants.  Further, in responding to Plaintiff's request for identification of witnesses to testify to the affirmative defenses, Defendants directed Plaintiff to the witnesses listed on the Joint Status Report.  Plaintiff has failed to offer any evidence demonstrating witnesses other than those listed on the Joint Status Report are necessary to establish the affirmative defenses.  To the extent Plaintiff desired a more detailed response or a more specific identification of the documentary evidence on which Defendants intend to rely, Plaintiff had the obligation to file a motion to compel.  In the absence of such a motion, Plaintiff cannot now complain of the lack of specificity in Defendants' responses.  While Plaintiff is certainly entitled to raise the issue should the Defendants offer documentary evidence or witnesses at trial which have not

been previously identified, Plaintiff has failed to establish the absence of disputed material facts and therefore is not entitled to summary judgment.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 56) is DENIED.

IT IS SO ORDERED this 28th day of August, 2006.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge