IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLI REESE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-05-1360-C |
| ) | |
| CITY OF YUKON, a municipality, and ) | |
| MITCH HOSKINS, POLICE CAPTAIN, ) | |
| individually and in his official capacity, ) | |
| ) | |
| Defendants ) | |

**MEMORANDUM OPINION**

Before the Court is Defendants' Motion for Summary Judgment and Supplemental Brief. Plaintiff filed a Response[1] to which Defendants filed a Reply. Plaintiff filed a Sur-Reply and the matter is now at issue.

**I. BACKGROUND**

Plaintiff was employed as a police officer for Defendant City. Plaintiff alleges that after she informed Defendant Hoskins of her pregnancy, he began discriminating against her on the basis of her gender and her pregnancy. Plaintiff asserts Defendant Hoskins' conduct created a hostile work environment. According to Plaintiff, after complaining of Defendant Hoskins' conduct, she suffered retaliation. Plaintiff brought the present action asserting Title

---

[1] A substantial portion of Plaintiff's Response fails to comply with LCvR 5.2(b) and 7.2(d), by being single spaced and in a font of less than 12 pitch. In addition to being in violation of the Local Rules, briefs of this type are difficult to read and needlessly increase the Court's burden in discerning Plaintiff's position. Plaintiff's counsel is warned that future shortcomings of this type will result in the offending document being stricken.

VII, 42 U.S.C. 2000e, *et seq.*, claims and a claim under 42 U.S.C. § 1983 asserting Defendants' conduct violated her civil rights.

Defendants filed the present motion asserting, under the undisputed facts, Plaintiff cannot prevail on her claims and, therefore, Defendants are entitled to judgment. Defendant Hoskins also argues Plaintiff's § 1983 claims against him individually must be dismissed as he is entitled to qualified immunity.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific

exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

### III.  DISCUSSION

Plaintiff has asserted claims for relief under Title VII and 42 U.S.C. § 1983. However, because the claims are based on the same facts and the applicable legal standards are the same,[2] the Court will address the claims jointly.

A.  Gender/Pregnancy Discrimination

Plaintiff argues that during her employment with Defendant she was subject to a hostile work environment. According to Plaintiff, Defendant Hoskins acted in an abusive manner towards her due to her gender and/or her pregnancy. Plaintiff argues that this abusive conduct was severe and pervasive and created a hostile work environment.

The Tenth Circuit has established the standard to be applied in determining whether a work environment was hostile based on gender. "To establish a sexually hostile work environment existed, a plaintiff must prove the following elements: (1) she is a member of a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was

---

[2] See Maldonado v. City of Altus, 433 F.3d 1294, 1307 (10th Cir. 2006).

based on sex; and (4) [due to the harassment's severity or pervasiveness], the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." Dick v. Phone Directories Co., Inc., 397 F.3d 1256, 1262-63 (10th Cir. 2005) (quoting Seymore v. Shawver & Sons, Inc. 111 F.3d 794, 797-98 (10th Cir. 1997) (abrogated on other grounds) (alteration in original)).[3]

There is no dispute that Plaintiff is a member of a protected class as a pregnant female. Thus the first element is satisfied. As for the second, Plaintiff, has offered evidence from which a reasonable jury could find she was subject to unwelcome harassment,[4] thus satisfying the second. As for the third, Plaintiff has offered evidence from which a reasonable jury could find that after she notified Defendant Hoskins of her pregnancy, he began acting in an abusive manner towards her. Plaintiff offered the following examples: Upon learning of Plaintiff's pregnancy, and with no documented evidence that difficulties existed, Defendant Hoskins directed Plaintiff to obtain a release from her doctor stating she could perform her job.[5] Then in July 2004, Defendant Hoskins directed Lt. James to prepare memos complaining of Plaintiff's inability to perform the duties of her job. Without

---

[3] A pregnancy discrimination claim is analyzed the same as other Title VII claims. E.E.O.C. v. Ackerman, Hood & McQueen, 956 F.2d 944, 947 (10th Cir. 1992).

[4] Review of Defendants' assertions of undisputed material facts reveals that many of the facts relevant to Plaintiff's claims are in fact disputed. Thus, it can be said that Defendants have failed in their initial summary judgment burden.

[5] Merely requesting a doctor's release is likely insufficient to constitute a discriminatory act. Here, however, that act began a course of conduct which, when viewed in the light most favorable to her, supports Plaintiff's claim of pregnancy discrimination. Thus, the request must be considered in light of the subsequent conduct.

undertaking any independent investigation, Defendant Hoskins then attempted to place Plaintiff on light duty. Upon learning of Plaintiff's placement on light duty, Chief Shirley intervened, asserting the police department did not have light duty available for officers. Chief Shirley then directed Plaintiff to obtain a doctor's release permitting her to work without restriction. Once again, Defendants undertook no independent evaluation of Plaintiff's ability to perform the required duties of her job. In addition, Defendant Hoskins caused Internal Affairs investigations to be initiated against Plaintiff and gave her an improperly reduced performance appraisal.

Plaintiff has presented evidence from other officers attesting to their opinion that Defendant Hoskins began treating Plaintiff differently after learning of her pregnancy and that the change in treatment was due to Plaintiff's pregnancy. Plaintiff has also presented deposition testimony of other officers relaying negative comments by Defendant Hoskins about Plaintiff's pregnancy. Finally, Plaintiff notes that Defendant Hoskins admitted during his deposition his belief that pregnant officers should not be on the streets. When viewed in the light most favorable to Plaintiff, this evidence, coupled with the timing of Defendant's conduct towards Plaintiff, is sufficient for a reasonable jury to find the harassment of Plaintiff was due to her pregnancy.[6]

---

[6] Plaintiff has failed to offer any evidence from which a reasonable jury could find she was subject to discrimination based on her gender separate and apart from her pregnancy. Accordingly, to the extent Plaintiff sought to pursue such a claim, summary judgment for Defendants is appropriate.

Turning to the fourth element, the Court must decide if evidence exists from which the trier of fact could find that due to its severity or pervasiveness, Defendants' harassing conduct altered a term, condition, or privilege of Plaintiff's employment and created an abusive working environment.  The Tenth Circuit has noted that "[t]he severity and pervasiveness evaluation is particularly unsuited for summary judgment because it is quintessentially a question of fact."  O'Shea v. Yellow Tech. Servs., Inc., 185 F.3d 1093, 1098 (10th Cir. 1999) (citation and quotation omitted).  This rule is particularly applicable here, where there is a significant disparity between the parties' assertions regarding the extent of Defendants' harassment of Plaintiff.  However, because Plaintiff has presented evidence which, if believed by the jury, would establish that Defendants' conduct towards her was both severe and pervasive, Defendants' request for judgment on this issue must fail.

Because Plaintiff has presented facts from which a reasonable jury could find a hostile work environment existed regarding her pregnancy, Defendants' motion will be denied on this claim.

B.  Retaliation

Plaintiff claims that after engaging in the protected activity of complaining about Hoskins' treatment of her, she was subjected to retaliation. To establish a retaliation claim, Plaintiff must demonstrate "'(1) the plaintiff engaged in protected opposition to discrimination; (2) the plaintiff suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action.'"

Hertz v. Luzenac Am., Inc., 370 F.3d 1014, 1015 (10th Cir. 2004) (quoting Petersen v. Utah Dept. of Corr. 301 F.3d 1182, 1188 (10th Cir. 2002)).

On August 26, 2004, Plaintiff filed a grievance outlining the alleged discriminatory actions taken by Defendant Hoskins. There is no dispute that the grievance constituted a protected activity. Defendants argue that because they had legitimate reasons for each of the employment decisions made regarding Plaintiff, there is no evidence of an adverse employment action that was causally connected to Plaintiff's complaint of harassment. In reaching this conclusion, Defendants address each of the various instances Plaintiff asserts and argue that the action fails to satisfy the legal requirements for being an adverse action. In this regard, Defendants' assertions overlook the recent Supreme Court case of Burlington N. & Santa Fe Ry. Co. v. White, ___ U.S. ___, 126 S.Ct. 2405 (2006). In White, the Supreme Court broadened the definition of what constitutes an adverse action. The Tenth Circuit recognized the change in the definition of an adverse employment action in Argo v. Blue Cross & Blue Shield of Kan. Inc., 452 F.3d 1193 (10th Cir. 2006), stating "to prevail on a Title VII retaliation claim, a plaintiff need only show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Id. at 1202 n.2, citing Burlington, ___ U.S. at ___, 126 S.Ct. at 2414-15 (citations and quotation omitted).

Here, Plaintiff has offered her testimony, as well as the testimony of other officers, that the conduct of Defendants towards Plaintiff following her complaint was such that those

officers would be wary of making similar complaints. Thus, Plaintiff has demonstrated the existence of an adverse employment action. As for the causal connection, as noted above, the evidence offered by Plaintiff demonstrates at a minimum a question of fact as to whether the conduct directed toward Plaintiff arose due to her pregnancy. Thus, when viewed in the light most favorable to Plaintiff, the evidence establishes questions of fact regarding Plaintiff's retaliation claim. Accordingly, Defendants' motion will be denied on this issue.

D.  Qualified Immunity

Defendants' supplement argues that Defendant Hoskins is entitled to qualified immunity regarding Plaintiff's § 1983 claims against him. According to Defendant Hoskins, because he did not commit any act that constituted legally actionable sexual harassment or other violation of Plaintiff's clearly established constitutional rights, he is entitled to qualified immunity. Defendants do not argue that Plaintiff does not have the constitutional right to be free from discriminatory or retaliatory conduct. Rather, Defendant Hoskins' argument focuses on whether or not he violated those constitutional rights. In arguing that he did not engage in such a constitutional violation, Defendant Hoskins' argument focuses entirely on the fact that he was not the final decision maker with respect to certain decisions made regarding Plaintiff's employment and provision of equipment for Plaintiff. However, Plaintiff has raised accusations of Defendant Hoskin's personal conduct towards her, e.g., causing investigations to be initiated against her, performing investigations himself, treating her in a manner differently than he treated other officers due to her pregnancy, and retaliating against her following her complaints of his discriminatory conduct. Clearly there are factual

disputes regarding whether or not Defendant Hoskins violated Plaintiff's clearly established constitutional rights. Consequently, Defendant Hoskins' claim of qualified immunity must be denied.[7]

E. First Amendment

Finally, Defendants argue that Plaintiff cannot prevail on her First Amendment claim. In response, Plaintiff notes that she does not intend to press a First Amendment claim. Indeed, the Court's review of the Amended Complaint filed by Plaintiff, as well as the joint status report prepared by the parties, does not suggest that Plaintiff is pursuing a First Amendment claim. Accordingly, the Defendants' motion is moot on this issue.

## IV. CONCLUSION

As set forth more fully herein, Plaintiff has failed to demonstrate she was treated differently solely because of her gender; accordingly, Defendants' motion will be granted on that issue. However, questions of fact remain on Plaintiff's claim of pregnancy discrimination and retaliation. Thus, Defendants' motion will be denied on those issues. Likewise, questions of fact remain which prevent Defendant Hoskins from asserting qualified immunity. Therefore, that request will be denied. Finally, there is no evidence Plaintiff ever

---

[7] Because the Court's decision rests on the existence of disputed facts about Defendant Hoskin's conduct, it is likely not immediately appealable. See Myers v. Oklahoma County Bd. of County Com'rs, 80 F.3d 421, 424 10th Cir. 1996) (noting there is no immediate appeal of a "district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." (quoting Johnson v. Jones, 515 U.S. 304, 319-20 (1995))).

asserted a First Amendment claim; accordingly, Defendants' request for judgment on that claim is denied as moot.

For these reasons, Defendants' Motion for Summary Judgment (Dkt. No. 57) is GRANTED in part and DENIED in part. A separate judgment will issue at the close of these proceedings.

IT IS SO ORDERED this 28th day of August, 2006.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge